This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Advanced Collision and Donna and Steve Halchazak (the "Halchazaks"), appeal the decision of the Medina Municipal Court, which denied their motion for enlargement of time. This Court affirms.
 I. {¶ 2} Advanced Collision filed a complaint against appellee, William Toth, seeking a monetary judgment on a check, payment of which had been stopped by Toth. Toth answered and filed a third-party complaint and counterclaim against Advanced Collision and the Halchazaks. The issues were joined and the matter was referred to a magistrate. The magistrate's decision was journalized on April 25, 2002.
 {¶ 3} After three attempts, appellants were served a copy of the magistrate's decision on May 22, 2002. Appellants attempted to file a motion for enlargement of time on June 12, 2002, but did not include the proper filing fee. The clerk's office returned the filing to appellants. The trial court entered judgment on June 12, 2002, awarding appellee judgment in his favor as to all claims asserted against him by appellants and further awarding him $4,024.72 on his claims against appellants. Appellants' filed a motion for enlargement of time on June 25, 2002. Appellants' motion for enlargement of time was denied in an entry dated July 26, 2002.
 {¶ 4} Appellants timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR {¶ 5} "DEFENDANTS WERE DENIED DUE PROCESS OF LAW AND THE COURT ABUSED ITS DISCRETION WHEN THE COURT REFUSED TO GRANT AN ENLARGEMENT OF TIME TO FILE OBJECTIONS TO THE MAGISTRATE'S REPORT."
 {¶ 6} In appellants' sole assignment of error, they argue that the trial court erred in denying their motion for enlargement of time. This Court disagrees.
 {¶ 7} Civ. R. 53(E)(3)(a) allows a party to file written objections to a magistrate's decision within fourteen days of the filing of the decision. In this case, the magistrate's decision was filed on April 25, 2002. Appellants filed a request for an extension of time to file their objections on June 25, 2002.
 {¶ 8} Appellants first argue that the motion for enlargement of time should have been granted because they did not receive the magistrate's decision in time to file timely objections because their address had changed. However, this Court has interpreted Civ. R. 53(E)(3) as requiring that objections to a magistrate's decision be filed 14 days after the date of filing, and not the date of service, as appellants' are suggesting. See Abate v. Abate (Mar. 29, 2000), 9th Dist. No. 19560. Furthermore, this Court notes that it is the duty of a party to a civil action to continually inform the court of their proper mailing address for purposes of service by both the court and by the other parties to the litigation.
 {¶ 9} Although a trial court has the authority to accept an untimely filing, appellants have not demonstrated that the trial court abused its discretion by failing to do so in the case sub judice. Civ. R. 6(B)(2) provides that "when by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]" A Civ. R. 6(B)(2) determination lies within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. Miller v. Lint (1980), 62 Ohio St.2d 209, 213-214. Appellants failed to demonstrate that the untimely filing of their motion for enlargement of time was due to excusable neglect.
 {¶ 10} Appellants also argue that their request for an extension of time to file objections should have been granted because a transcript of the hearing before the magistrate was necessary. This Court disagrees.
 {¶ 11} Civ. R. 53(E)(3)(b) states, in relevant part, that "any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." (Emphasis added.) In Vance v. Rusu (Aug. 1, 2001), 9th Dist. No. 20442, this Court found that "Civ. R. 53(E)(3)(b) does not require that a transcript be filed simultaneously with the objections." Rather, Vance explains that if the objecting party fails to file a transcript at all before the hearing date to consider the objections, "the trial court may adopt the magistrate's findings without further consideration." Id. Appellants did not need a transcript to timely file their objections to the magistrate's decision.
 {¶ 12} Appellants' sole assignment of error is overruled.
 III. {¶ 13} The decision of the Medina Municipal Court is affirmed.
BAIRD, P.J., BATCHELDER, J. CONCUR.